IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CLARENCE HOMER SWEGHEIMER, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, § <br> Director, TDCJ-CID, § <br> § <br> Respondent. § | Civil Action No. 7:21-cv-132-O |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Clarence Homer Swegheimer ("Swegheimer"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Respondent Bobby Lumpkin, director of that division. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the § 2254 petition must be **DISMISSED** as time-barred.

### I.   BACKGROUND

Swegheimer is in custody pursuant to six judgments and sentences of the 89th Judicial District Court of Wichita County, Texas, in cause number 58,223-C, styled *The State of Texas v. Clarence Homer Swegheimer*. SHCR at 178–95, ECF No. 29-36.[1] Swegheimer was charged by indictment with three counts of aggravated sexual assault of a child and three counts of indecency with a child by contact. *Id.* at 172–77. A jury found Swegheimer guilty of two counts of aggravated sexual assault of a child and four counts of indecency with a child by contact, and

---

[1] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during Swegheimer's state habeas corpus proceedings. *See generally, Ex parte Swegheimer*, No. 90,427–01, ECF Nos. 29-25 through 29-36.

1

on March 8, 2017, sentenced him to 20 years' imprisonment for each count of indecency with a child, and to life imprisonment for each count of aggravated sexual assault, to run consecutively. *Id*. at 178–95.

On March 29, 2018, the Second Court of Appeals of Texas affirmed the judgment of the trial court in an unpublished opinion. *Swegheimer v. State*, No. 02-17-00095-CR, 2018 WL 1528477, at *8 (Tex. App.—Fort Worth Mar. 29, 2018, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") subsequently refused his petition for discretionary review on May 23, 2018. *Swegheimer v. State*, No. PD–0403–18 (Tex. Crim. App. 2018).

Swegheimer constructively filed his application for state writ of habeas corpus on August 15, 2019. SHCR at 21, ECF No. 29-36; *see Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013) (holding the prison mailbox rule applies to state habeas applications). On April 29, 2020, the TCCA denied the application without written order on the findings of the trial court without a hearing and on the court's own independent review of the record. SHCR at "Action Taken" sheet, ECF No. 29-25. Swegheimer constructively filed the instant petition for relief under 28 U.S.C. § 2254 on October 25, 2021. Pet. 13, ECF No. 1.[2]

**II.    ISSUES**

The Court understands Swegheimer to allege the following grounds for relief:

1.  The indictment is void because the "state has no complaint and affidavit and jurat on file to county grand jury."

2.  The State's witnesses provided inconsistent testimony.

3.  He was denied effective assistance of trial counsel because his trial counsel failed to present exculpatory evidence.

---

[2]A pro se petitioner's federal habeas petition is deemed filed, for purposes of determining the applicability of the statute of limitations, when he delivered the writ petition to prison authorities for mailing. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Swegheimer certified that he placed his § 2254 petition in the mail on October 25, 2021. Pet. 13, ECF No. 1.

Pet. Attachment 5-11, ECF No. 1-1.

### III. ANALYSIS

#### A. Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Swegheimer from filing for federal habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Swegheimer's claims do not concern a

3

constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. 2244(d)(1)(C). And, Swegheimer has not shown that he could not have discovered the factual predicate of his claims until a date after the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Rather, all Swegheimer's allegations relate to his convictions for aggravated sexual assault of a child and indecency with a child by contact. Thus, the claims were discoverable by the time his conviction became final on August 21, 2018. Accordingly, the date the limitations period began to run on Swegheimer's claims in the instant case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As noted above, after his convictions, Swegheimer appealed to the Second Court of Appeals of Texas which affirmed the judgment of the trial court. *Swegheimer*, 2018 WL 1528477. Swegheimer filed a PDR, but the TCCA refused the PDR on May 23, 2018. *Swegheimer v. State*, No. PD-0403-18 (Tex. Crim. App. 2018). Swegheimer's conviction then became final on August 21, 2018, when the period for timely filing a petition for writ of certiorari with the Supreme Court expired. *See Roberts v. Cockrell*. 319 F.3d 690, 693-95 (5th Cir. 2003); Sup. Ct. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed within 90 days after entry of the judgment).

Thus, the one-year limitations period for filing a federal petition under § 2244(d)(1)(A) ended on August 21, 2019. Swegheimer's § 2254 petition, constructively filed on October 25, 2021, is over two years too late and is subject to dismissal as time-barred absent any application of statutory or equitable tolling. Pet.12, ECF No. 1.

    1.    <u>Statutory Tolling Under 28 U.S.C. § 2244(d)(2)</u>

As noted, Swegheimer signed his state habeas application on August 15, 2019. SHCR 21,

ECF No. 29-36. The state application was denied on April 29, 2020. SHCR at 21 at "Action Taken" sheet, ECF No. 29-25. Thus, the state application tolled the federal limitations period for 259 days (August 16, 2019 through April 29, 2020). 28 U.S.C. § 2244(d)(2). As a result, Swegheimer's federal habeas corpus petition was due by no later than May 6, 2020. Swegheimer's instant federal petition, constructively filed on October 25, 2021, even with tolling for the pendency of his state writ application, was filed over a year and five months too late.

2. Equitable Tolling

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). That is, to receive the benefit of equitable tolling, a petitioner must prove that he pursued habeas relief with "reasonable diligence" despite any demonstrated extraordinary circumstance. *Id*. at 2562; *see, e.g., Palacios v. Stephens*, 723 F.3d 600, 604–05, 607 (5th Cir. 2013) ("[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."); *cf. Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("[E]quity is not intended for those who sleep on their rights."). Moreover, a petitioner's ignorance of the law, lack of knowledge of filing deadlines, pro se status, illiteracy, and lack of legal training will not support equitably tolling the AEDPA limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000).

The Court understands Swegheimer to allege that he is entitled to equitable tolling because he was separated from his legal property for a total of 209 days, and because he was not afforded a hearing on state habeas. Pet. Show Cause Document 2, ECF No. 20. Even assuming that being separated from his legal property for 209 days did warrant equitable tolling, Swegheimer's federal writ petition would have still been almost a year too late. Furthermore, AEDPA does not require state courts to adjudicate claims at trial-type hearings involving live testimony and cross-examination. *Sumner v. Mata*, 449 U.S. 539, 545 (1981) (explaining that section 2254(d) does not require an evidentiary hearing; a fact-finding based on a cold record can be adequate). Swegheimer's allegations do not prove extraordinary circumstances entitling him to equitable tolling.

Here, Swegheimer has not alleged, let alone proven, the existence of exceptional circumstances or that he acted with reasonable diligence. *See generally* ECF No. 20. One component of the obligation to pursue rights diligently is not to squander the one-year grace period. *Johnson v. Quarterman*, 483 F.3d 278–88 (5th Cir. 2007). Rather, Swegheimer waited until six days before his federal writ petition was due to file his state habeas application. SHCR at 21, ECF No. 29-36. Moreover, Swegheimer waited a year and five months after his state habeas application was denied before filing the instant petition. SHCR at "Action Taken" sheet, ECF No. 29-25. Pet. 13, ECF No. 1. On this record, it cannot be said that Swegheimer was diligent in pursuing relief. Consequently, he is not entitled to equitable tolling and his federal habeas petition must be dismissed with prejudice as untimely.

    **B.    Swegheimer's Belated Actual Innocence Claim Fails to meet the Requirements of *McQuiggin v. Perkins*.**

The Supreme Court has held that the AEDPA statute of limitations can be overcome by a

showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013). In a post-reply motion for leave, Swegheimer now asserts that he is actually innocent. Mot. Leave 3-5, ECF No. 33.³ Reviewing Swegheirmer's claims as construed to allege that he is actually innocent, he fails to satisfy the conditions for such relief set forth in *McQuiggin*. Mot. Leave 3-5, ECF No. 33.

In *McQuiggin*, the Supreme Court held that tenable claims of actual innocence serve as a gateway through which the petitioner may pass, allowing his underlying constitutional claims to be considered despite being raised outside the AEDPA statute of limitations. 569 U.S. at 386. However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995), and citing *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399–400. Ultimately, "[t]he miscarriage of justice exception . . . applies to a severely confined category" of otherwise untimely claims. *Id.* at 395.

---

³The motion for leave [ECF No. 33] is granted only to the extent the Court has reviewed Swegheimer's claim under *McQuiggin v. Perkins*.

Swegheimer claims there were inconsistencies in the testimony of the victim and of her mother. Mot. Leave 4, ECF No. 33. But Swegheimer fails to provide any actual evidence to support these otherwise conclusory assertions. And these contentions are directed at the *legal sufficiency* of the evidence, not Swegheimer's factual innocence. Thus, Swegheimer fails to provide evidence sufficient to show that it is more likely than not that no reasonable juror could have convicted him in light of such evidence. *See McQuiggin*, 569 U.S. at 401 ("We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'") (quoting *Schlup*, 513 U.S. at 316).

In sum, Swegheimer fails to meet the standard of factual innocence, and thus the petition under § 2254 must be dismissed with prejudice as barred by the applicable statute of limitations for the reasons otherwise explained.

### III.   CONCLUSION

It is therefore **ORDERED** that Clarence Homer Swegheimer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **24th day** of **May, 2023.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE